## WESTERVELT v. MATHESON.

Where a vendee chooses to take, subject to an equitable right created by the vendor, the latter cannot evade performance on that account.

A purchaser for full value, is entitled to have incumbrances removed out of the purchase money.

If a purchaser has covenants to cover a defect of title, he cannot have redress in this court.

Where both parties bargain at a full value, the contract would be violated, if the seller could add a new price in the shape of an incumbrance, even though each knew of it.

A purchase was made at $2,900, while the value of the property was estimated by witnesses from $2,800 to $3,500. Taking the largest sum as the value, it would not be a case of gross inadequacy.

BILL for specific performance.                    June 3.

The complainant paid twenty dollars to the defendant; and took from him the following receipt:

"Received, New-York, March 14th, 1835, from Mr. J. "Westervelt, twenty dollars, on account of the purchase "of the house and lot number 38, Hammond, at two "thousand nine hundred dollars, subject to a lease to Ben-"jamin Finn, for four years, from the 1st of May next. "One thousand dollars may remain by bond and mort-"gage; the balance the 1st of May, when the deed will be "executed, and possession given.

"JAMES MATHESON."

In the complainant's bill, which charged a sale, and was filed for specific performance of the above receipt or agreement, there was an allegation that the title to the house and lot was incumbered by a mortgage from Andrew Douglass to the Merchants' Fire Insurance Company, for securing one thousand dollars. The prayer was, that the defendant might perform the contract free from all incumbrances, agreeably to the terms of sale, or if the defendant could not free the lot from its incumbrance, then that he should be compelled to convey the premises subject to the

incumbrances, and the amount of them be deducted from the cash payment to be made by the complainant.

The defendant insisted that the receipt did not amoun to an agreement for a sale ; that he had been deceived by one Huyler, (the agent for the complainant,) in regard to the real value of the property ; that the complainant also had not acted fairly by him, in trying to make a purchase at an under value ; that he could not, if he ought, perform any such contract, because he had given a right of purchase to his tenant, Benjamin Finn ; and, in any event, the outstanding mortgage must not be deducted from the purchase money.

*Mr. Philip S. Crooke*, for the complainant.

*Mr. H. S. Mackay*, for the defendant.

The Assistant Vice-Chancellor :—This is a bill for the specific performance of a contract to sell a lot of land in Hammond-street, entered into between the defendant the owner, and the complainant. The agreement is contained in a receipt set forth in the bill; is sufficiently admitted ; and amounts to a valid, written contract, for the sale of the land within the statute. The objection taken by the defendant, that he has given a right of pre-emption to Benjamin Finn, cannot be set up by him. If the complainant is ready to take the title, subject to any equitable right of Finn, the defendant cannot evade performance, by setting up an inability produced by himself. Finn might have a remedy in this court, under certain circumstances, or an action at law for damages against the defendant. Besides, Finn appears by his own testimony, to have waived any claim to the purchase.

The tender was needless, after the positive declaration of the defendant, that he could not convey the lot pursuant to the agreement; a declaration made about ten days before the time assigned for the fulfilment of the contract. And the tender is sufficiently proven to have been legally made.

With respect to the representations made by Huyler, the agent who negotiated the purchase for the complainant, even as stated in the answer, they would scarcely furnish grounds for a defence to this bill ; but as explained by his testimony, they are altogether insufficient.

And the transactions between the complainant and the defendant, do not amount to such false representations or fraud, as can justify a refusal to coerce the fulfilment of this agreement. It is the case of a vendee, seeking to depreciate the value of the premises he is desirous of buying, not in possession of any facts enhancing the value, of which the owner is ignorant ; much less making a false representation of the situation of property, where the owner has no knowledge respecting it.

As to the point, whether the purchase is to be considered as made subject to the outstanding mortgage of $1,000, it may be sufficient to say, that the defendant does not, in his answer, aver that such was his intention or expectation when he gave the receipt, or that it should have that interpretation, as being the intent of the parties. It is, on the contrary, plain that the defendant was treating for a price equal to the whole value of the lot. If a purchaser buys for a sum agreed upon as the full value of the property, by the appreciation of both parties, he has a right to have incumbrances discharged out of his purchase money. ( *Vane* v. *Lord Barnard, Gilbert's Eq. Rep.* 6. *Sergeant Maynard's Case, Freeman's Rep.* 2. *Anon. Ibid,* 106. *Atkinson on Titles,* 565.)

The distinction seems to be, that so long as there are no covenants, under which relief for a newly discovered defect of title can be obtained, the purchaser will be protected against incumbrances or defects. In *Thomas* v. *Powell,* (2 *Cox's Ca.* 394,) the court refused to impound the purchase money, although within its control, because conveyances with proper covenants had been executed and the party was in possession. In the cases I have cited, the fact appears that the incumbrances were discovered after the contract. In this instance Mr. Storm's testimony proves that the complainant was apprized of the mortgage of

$1,000 before his agreement. It seems to me that there is no sufficient reason for a distinction founded upon this circumstance. If both parties appear to have bargained for the property at its entire value, the one meaning to purchase and the other proffering to sell an unincumbered title, the contract is violated if the seller can add a new price to it, in the shape of an incumbrance, even if known to both.

I cannot doubt that such was the intention of the defendant when he entered into this agreement. Mr. Storm, when negotiating as his agent, demanded $3,500, and stated that there was a mortgage of $1,000 upon the premises. He fixes the value of the premises at $3,500, showing that he expected the mortgage would be part of the consideration.

The remaining question is, whether there is so gross a disparity between the contract price and the value of the property, as to justify the court in refusing a decree ; as in itself indicating fraud. (*Seymour* v. *Delancy*, 3 *Cowen*, 445.) The case is upon this point very clear. Of the defendant's witnesses, Storm values the property at $3,500, Ross at $3,000 for the lot, Huyler at $2,800, Griswold $3,000 for the lot. Taking the highest valuation, the case of gross inadequacy is not made out.

There must be a decree directing a conveyance to be executed by the defendant to the complainant of the premises in question, upon the payment to the said defendant of the sum of $1,900, such conveyance to be made subject to the bond and mortgage mentioned in the pleadings as executed by Andrew Douglas to the Merchants' Fire Insurance Company, for the sum of $1,000, and in case any arrears of interest shall be due upon such mortgage, the same to be paid by the defendant up to the time of the delivery of such conveyances, or it may be deducted from the said sum of $1,900, if such arrears are paid by the complainant.

In case the parties cannot adjust the amount of such arrears by consent, or settle the form of the conveyance to be executed, a reference may be had to a master of the

court, to liquidate such amount and approve of such conveyance.

The defendant must pay the costs.